UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONALD E. OSWALD,            )
                             )
          Plaintiff,         )
                             )
v.                           )  Case No. 2:22-cv-00247-SPC-NPM
                             )
DERRICK W. DIGGS, individually and )
in his official capacity as Chief of the )
Fort Myers Police Department, *et al.*, )
                             )
          Defendants.        )
                             )

# PLAINTIFF'S MOTION TO STRIKE DEFENDANT LISA BRENEMAN'S MOTION TO DISMISS FOR FAILING TO COMPLY WITH LOCAL RULE 3.01(g)

Plaintiff Donald E. Oswald, pursuant to the Local Rules of the United States District Court for the Middle District of Florida and this Court's FAQs concerning Local Rule 3.01(g), hereby moves to strike Defendant Lisa Breneman's Motion to Dismiss (defendant's motion), filed on July 6, 2022, for failing to comply with Local Rule 3.01(g).

## RELIEF REQUESTED AND BASIS FOR REQUEST

Mr. Oswald requests the striking of defendant's motion because the moving party did not make the required good faith effort under Local Rule 3.01(g) and this

Court's FAQs to resolve the issue raised in her motion. In the event this motion is denied, Plaintiff requests the tolling of the 21-day period Local Rule 3.01(c) permits for responding to a motion to dismiss from July 6, 2022 (when defendant's motion was filed) to the date this motion is denied in order to not prejudice Mr. Oswald.

## MEMORANDUM OF LAW

### Facts

On July 6, 2022, defendant's motion was filed. It raises significant issues. Before the motion was filed, Mr. Oswald's counsel was not afforded a meaningful opportunity to review the motion and confer with defense counsel in a good faith effort to resolve the motion. Mr. Oswald therefore moves to strike the defense motion to permit the parties to confer in good faith as required by Local Rule 3.01(g) before the motion is filed.

Mr. Oswald's counsel was not afforded a meaningful opportunity to review due to reliance on representations made by defense counsel. On the afternoon of July 5, 2022, a legal assistant at defense counsel's law firm contacted the undersigned *pro hac vice* counsel (the undersigned) and co-counsel by email; a copy of the email chain is attached as an Exhibit. She wrote:

> Attorney Gregg Toomey will be entering his appearance on behalf of Defendant Lesa R. Breneman and will be filing a Motion to Dismiss the Amended Complaint on her behalf. Pursuant to L.R. 3.01(g), please advise if you consent or oppose the motion to dismiss, so the same can be noted in the motion as required.

2

The pdf version of the Local Rules published on the Court's website is dated February 1, 2021.[1] There, Rule 3.01(g) states that "[b]efore filing a motion in a civil action, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, or to certify a class, the movant must confer with the opposing party in a good faith effort to resolve the motion."

As a reply to the legal assistant's email, the undersigned wrote: "It's not apparent to me that Local Rule 3.01(g) applies in this instance. Please advise." Defense counsel promptly replied: "The MD [of Florida] now requires it of dismissal motions." The undersigned then reviewed this Court's web page, specifically the FAQ tab concerning motions.[2] It states in relevant part: "Local Rule 3.01(g) now requires a certificate for a Rule 12(b)(6) motion to dismiss …." (Link omitted.) However and notably, the FAQ elaborates further on the requirements of Local Rule 3(g) as follows:

> **What Local Rule is most overlooked?**
>
> Local Rule 3.01(g). It requires a moving party to confer with opposing counsel in a good-faith effort to resolve the issue to be raised in a motion before filing a motion in a civil case. Placing a phone call or sending an email is not enough.
>
> Local Rule 3.01(g) also requires the moving party to file a statement certifying the conference and stating opposing counsel's position on the

---

[1] It is available at https://www.flmd.uscourts.gov/sites/flmd/files/local_rules/flmd-united-states-district-court-middle-district-of-florida-local-rules.pdf.

[2] Available at https://www.flmd.uscourts.gov/judges/sheri-polster-chappell#motions-.

3

> motion. The importance of Local Rule 3.01(g) cannot be overstated; therefore, *failure to comply with the rule will result in the court denying or striking the motion*. (Emphasis added.)

The undersigned then sent a followup email in the same chain to defense counsel citing the Court's FAQ and copying and pasting that portion which states: "Placing a phone call or sending an email is not enough," and asked defense counsel "[h]ow would you like to proceed?" Defense counsel replied:

> You're reading is incomplete—merely making a call or sending an email isn't enough if there's no response. You responded. Trust me: I've had about a thousand cases in these here parts.

One minute later, the undersigned replied: "No problem then. We oppose."

The defendant's motion was filed the next morning, as ECF # 17. It contains a Local Rule 3.01(g) certification from defense counsel stating in relevant part: "the undersigned hereby certifies that he has conferred with Plaintiff's counsel regarding this Motion via Email and Plaintiff's counsel opposes the relief requested."

The defense motion also includes a variety of "colorful" assertions that have no relevance (e.g., "[n]othing in the Complaint so much as includes a tout's claim" (footnote omitted)). They are needlessly distracting  They are also prejudicial could also not-very-subtly prejudice Mr. Oswald in the eyes of the Court.

However, the motion also raises significant issues which may ultimately prove dispositive and to which the parties may be able to resolve without a motion to

4

dismiss. As reflected above, the parties did not confer about those issues, or any substantive issues, before the motion was filed.

Argument

On this record, the defense has not made the required good faith effort to resolve the issue raised in its motion to dismiss. The failure to comply with Local Rule 3(g) potentially burdens the Court needlessly and risks prejudicing Mr. Oswald. All Mr. Oswald seeks is an opportunity to confer in good faith before the motion to dismiss is filed.

Under Local Rule 3.01(c) responses to motions to dismiss are due in 21 days which in this case is July 27, 2022 (the defense motion was filed on July 6) . In the event the motion is granted, Ms. Oswald will have 21-days to respond to a renewed motion to dismiss (assuming the parties cannot resolve the issues) from the date of that filing. In the event this motion is denied, Mr. Oswald will have less than 21 days to respond should he not begin work immediately. A reasonable solution is to order the tolling of the 21 day clock from July 6 to the date this motion is denied.

<u>Conclusion</u>

For all these reasons, the motion to strike Defendant Lisa Breneman's Motion to Dismiss should be granted.

Dated: July 7, 2022

Respectfully Submitted,

CORNELL & ASSOCIATES, PA

<u>/s/  G. Ware Cornell, Jr</u>

G. Ware Cornell, Esq,
FBN: 203920
2645 Executive Park Drive
Weston, FL 33331
(954) 618-1041
ware@earecornell.com

GOVERNMENT ACCOUNTABILITY PROJECT

<u>/s/  David Z. Seide</u>

David Z. Seide, Esq.
*Pro Hac Vice*
1612 K Street, NW, Suite 1100
Washington D.C. 20006
(213) 804-4700
davids@whistleblower.org

*Counsel to Plaintiff Donald E. Oswald*

## LOCAL RULE 3.01(g) CERTIFICATION

On July 7, 2022, I spoke to Gregg A, Toomey, counsel to Defendant Lisa Breneman, by telephone and emailed him a copy of this motion.  I told Mr. Toomey of my intention to file based on the failure to confer in good faith before filing the motion as required by Local Rule 3.01(g).  Mr. Toomey said he opposes this motion.

July 7, 2022

/s/
_____
David Z. Seide

*Pro Hac Vice Counsel to*
*Plaintiff Donald E. Oswald*

## CERTIFICATE OF SERVICE

I hereby certify the I served today this document on all counsel via the CM/ECF System.

July 7, 2022

/s/
_____
David Z. Seide

**EXHIBIT**

| | |
|---|---|
| **Subject:** | Re: Oswald v. Diggs, et al. / # 2:22-cv-00247 |
| **Date:** | Tuesday, July 5, 2022 at 2:38:55 PM Eastern Daylight Time |
| **From:** | David Seide |
| **To:** | Gregg Toomey, Heidi Moser, ware@warecornell.com |
| **CC:** | Andrea L. Rousseau |
| **Attachments:** | image001.jpg, image002.jpg, image003.jpg |

No problem then.  We oppose.

---

**From:** Gregg Toomey <gat@thetoomeylawfirm.com>
**Date:** Tuesday, July 5, 2022 at 2:37 PM
**To:** David Seide <davids@whistleblower.org>, Heidi Moser <hms@thetoomeylawfirm.com>, ware@warecornell.com <ware@warecornell.com>
**Cc:** Andrea L. Rousseau <alr@thetoomeylawfirm.com>
**Subject:** RE: Oswald v. Diggs, et al. / # 2:22-cv-00247

You're reading is incomplete—merely making a call or sending an email isn't enough if there's no response. You responded. Trust me: I've had about a thousand cases in these here parts.

Gregg A. Toomey
Main:  (239) 337-1630
Fax:  (239) 337-0307
Email:  gat@thetoomeylawfirm.com



THE TOOMEY LAW FIRM LLC
The Old Robb & Stucky Building
1625 Hendry St., Suite 203
Fort Myers, FL  33901

CONFIDENTIALITY NOTE: This email and any attachments may be confidential and should be considered protected by legal privileges. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the e-mail or any attachment is prohibited. If you have received this email in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system. Thank you for your cooperation.

---

**From:** David Seide <davids@whistleblower.org>
**Sent:** Tuesday, July 5, 2022 2:33 PM
**To:** Gregg Toomey <gat@thetoomeylawfirm.com>; Heidi Moser <hms@thetoomeylawfirm.com>; ware@warecornell.com
**Cc:** Andrea L. Rousseau <alr@thetoomeylawfirm.com>; David Seide <davids@whistleblower.org>
**Subject:** Re: Oswald v. Diggs, et al. / # 2:22-cv-00247

Thanks Gregg.  On Judge Chappell's web page, the FAQ tab for motions (https://www.flmd.uscourts.gov/judges/sheri-polster-chappell#motions-) states:

**What Local Rule is most overlooked?**
Local Rule 3.01(g). It requires a moving party to confer with opposing counsel in a good-faith effort to resolve the issue to be raised in a motion before filing a motion in a civil case. Placing a phone call or sending an email is not enough.

**EXHIBIT**

How would you like to proceed?

---

**From:** Gregg Toomey <gat@thetoomeylawfirm.com>
**Date:** Tuesday, July 5, 2022 at 2:11 PM
**To:** David Seide <davids@whistleblower.org>, Heidi Moser <hms@thetoomeylawfirm.com>, ware@warecornell.com <ware@warecornell.com>
**Cc:** Andrea L. Rousseau <alr@thetoomeylawfirm.com>
**Subject:** RE: Oswald v. Diggs, et al. / # 2:22-cv-00247

The MD now requires it of dismissal motions.

Gregg A. Toomey
Main:  (239) 337-1630
Fax:  (239) 337-0307
Email:  gat@thetoomeylawfirm.com



THE TOOMEY LAW FIRM LLC
The Old Robb & Stucky Building
1625 Hendry St., Suite 203
Fort Myers, FL  33901

CONFIDENTIALITY NOTE: This email and any attachments may be confidential and should be considered protected by legal privileges. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the e-mail or any attachment is prohibited. If you have received this email in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system. Thank you for your cooperation.

---

**From:** David Seide <davids@whistleblower.org>
**Sent:** Tuesday, July 5, 2022 2:10 PM
**To:** Heidi Moser <hms@thetoomeylawfirm.com>; ware@warecornell.com
**Cc:** Gregg Toomey <gat@thetoomeylawfirm.com>; Andrea L. Rousseau <alr@thetoomeylawfirm.com>
**Subject:** Re: Oswald v. Diggs, et al. / # 2:22-cv-00247

Heidi,

Thanks for the email.

It's not apparent to me that Local Rule 3.01(g) applies in this instance.  Please advise.

Thanks.

**EXHIBIT**



**From:** Heidi Moser <hms@thetoomeylawfirm.com>
**Date:** Tuesday, July 5, 2022 at 1:41 PM
**To:** ware@warecornell.com <ware@warecornell.com>, David Seide <davids@whistleblower.org>
**Cc:** Gregg Toomey <gat@thetoomeylawfirm.com>, Andrea L. Rousseau <alr@thetoomeylawfirm.com>
**Subject:** Oswald v. Diggs, et al. / # 2:22-cv-00247

Good afternoon Messrs. Cornell and Seide:

Attorney Gregg Toomey will be entering his appearance on behalf of Defendant Lesa R. Breneman and will be filing a Motion to Dismiss the Amended Complaint on her behalf. Pursuant to L.R. 3.01(g), please advise if you consent or oppose the motion to dismiss, so the same can be noted in the motion as required.

Additionally, as this is our first time working with your offices, please note that Toomey requests that any emails to him also include me and his paralegal Andrea. I note all email address here:

gat@thetoomeylawfirm.com
alr@thetoomeylawfirm.com
hms@thetoomeylawfirm.com

If there are others from your offices that you would like us to copy on all emails in the future, please provide their names and email addresses and we will do so.
Thank you!



Heidi M. Moser, Legal Assistant
The Toomey Law Firm
Main:  (239) 337-1630
Fax:  (239) 337-0307
Email:  hms@thetoomeylawfirm.com



THE TOOMEY LAW FIRM LLC
The Old Robb & Stucky Building
1625 Hendry St., Suite 203
Fort Myers, FL  33901

CONFIDENTIALITY NOTE: This email and any attachments may be confidential and should be considered protected by legal privileges. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the e-mail or any attachment is prohibited. If you have received this email in error,

**EXHIBIT**

please notify us immediately by replying to the sender and deleting this copy and the reply from your system. Thank you for your cooperation.