UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DONALD E. OSWALD,

    Plaintiff,

v.                                                            Case No.:   2:22-cv-247-SPC-NPM

DERRICK DIGGS, WILLIAM
NEWHOUSE, LESE R.
BRENEMAN, FORT MYERS
POLICE DEPARTMENT and CITY
OF FORT MYERS, FLORIDA,

    Defendants.

                                       /

## **ORDER**[1]

Before the Court is Defendant Lese Breneman's Motion to Dismiss (Doc. 17), along with Plaintiff Donald Oswald's Motion to Strike the Motion to Dismiss (Doc. 24). To start, Plaintiff wants the Court to strike Breneman's Motion to Dismiss because her attorney did not confer in good faith under Local Rule 3.01(g) before filing it. Breneman disagrees. She argues that the Federal Rules of Procedure generally bar Plaintiff from moving to strike a motion and

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

that Plaintiff showed no interest in conferring because he simply stated he opposed the Motion to Dismiss. (Doc. 27).

Local Rule 3.01(g) requires "the movant to confer with the opposing party in a good faith effort to resolve the motion." The Court created this rule, in part, to avoid needless litigation and to reduce court intervention on issues the parties can (and should) resolve themselves. What's more, the Court recently amended Local Rule 3.01(g) to impose the good faith conferral requirement for motions to dismiss for failure to a state claim because parties can (and often should) just agree to amend the complaint.

Both Plaintiff and Breneman have lost sight of Local Rule 3.01(g)'s purpose. Rather than reduce litigation, they have created it with their quibbling and required the Court to weigh in on a duty they should undertake without its policing.

Also, neither side appears to have satisfied its good-faith duty to confer. As the movant, Breneman carried the initial burden to confer with Plaintiff on the Motion to Dismiss. And it was her attorney's obligation (not his legal assistant's) to make any conferral. What's more, Breneman's first communication was nothing more than a declaration that she intended to file a motion to dismiss with no explanation on the motion's grounds and then asked whether Plaintiff opposed a motion. But there can be no meaningful conferral with such a barebones communication. Yet fault doesn't rest only

with Breneman.  As the non-movant, Plaintiff had a duty to ask for more information on why Breneman sought dismissal.  And it perplexes the Court that it needs to explain so.  Although the papers indicate Plaintiff and Breneman had some talks about their conferral duty, at no point did either party actually raise why Breneman substantively sought dismissal—and that's the point of Local Rule 3.01(g).

In conclusion, the Court is disappointed about the parties' conferral effort—or lack thereof.  The Court expects more from both sides going forward, especially in following Local Rule 3.01(g) and all other procedural rules and the undersigned's preferences.

Accordingly, it is now

**ORDERED:**

Defendant Lese Breneman's Motion to Dismiss (Doc. 17) is **DENIED without prejudice** for failure to comply with Local Rule 3.01(g) certification.

1. Breneman and Plaintiff must meaningfully confer on or before **July 19, 2022**.  If the parties cannot resolve the issues raised in Breneman's Motion, then an amended motion to dismiss is due on or before **July 21, 2022**.  **The Court is not inclined to move either deadline absent extraordinary circumstances.**

2. Plaintiff Donald Oswald's Motion to Strike the Motion to Dismiss (Doc. 24) is **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida on July 12, 2022.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4